# IN THE UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| THINK3 INC., | § § | Case No. 11-11252 |
| Debtor. | § § § | |

**[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING DEBTOR'S MOTION TO (I) APPROVE COMPROMISE AND SETTLEMENT OF CLAIMS BY AND BETWEEN THINK3 INC., VERSATA FZ-LLC, VERSATA DEVELOPMENT GROUP, INC., AND VERSATA SOFTWARE, INC., (II) ASSUME TECHNOLOGY LICENSE AGREEMENT, AND (III) APPROVE SALE OF CERTAIN INTELLECTUAL PROPERTY INTERESTS TO VERSATA FZ-LLC [DKT. NO. 81]**

WHEREAS think3 Inc., debtor and debtor-in-possession in the above-referenced chapter 11 case (the "Debtor" or "Think3"), filed the *Debtor's Motion to (I) Approve Compromise and Settlement of Claims By and Between Think3 Inc., Versata FZ-LLC, Versata Development Group, Inc., and Versata Software, Inc., (II) Assume Technology License Agreement, and (III) Approve Sale of Certain Intellectual Property Interests to Versata FZ-LLC* [Dkt. No. 81] (the "Settlement Motion"); and

WHEREAS the Court held a hearing commencing September 8, 2011 (the "Settlement Hearing") on the Settlement Motion; and

NOW, THEREFORE, based upon the Court's consideration of the Settlement Motion and all objections and responses thereto having been withdrawn, resolved, or otherwise overruled as set forth herein; and upon the arguments of counsel and the evidence adduced at the Settlement Hearing; and the Court having found the Settlement Motion should be granted as reflected by the Court's rulings made herein and at the Settlement Hearing; and after due deliberation and sufficient cause appearing therefor, the Court hereby **FINDS, DETERMINES, AND CONCLUDES** that:

## I.
## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. ~~Findings and Conclusions.~~ The findings and conclusions set forth herein and in the record of the Settlement Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. ~~Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a)).~~ The Court has jurisdiction over the Debtor's chapter 11 case pursuant to 28 U.S.C. § 1334. Approval of the proposed settlement agreement between the Debtor and Versata FZ-LLC ("Versata"), Versata Development Group, Inc. ("VDG"), Versata Software, Inc. ("VSI"), and Gensym Cayman L.P. (the "Settlement Agreement")[1] is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court has jurisdiction to enter a final order with respect thereto. The Debtor is an

---

[1] Capitalized terms used herein but not otherwise defined have the meanings given them in the Settlement Agreement.

sf-3042842

eligible debtor under section 109 of title 11 of the United States Code (the "Bankruptcy Code"). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

C. ~~Chapter 11 Petition.~~ On May 18, 2011, the Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor is authorized to continue to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Case.

~~D. **Center of Main Interest.** The Court finds that Austin, Texas is the Debtor's center of main interest.~~

D. ~~E. **Judicial Notice.**~~ The Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Case.

E. ~~F. **Burden of Proof**.~~ The Debtor has the burden of proving that the Settlement Agreement should be approved under Bankruptcy Rule 9019 by a preponderance of the evidence. The Debtor has met such burden.

~~G. **Fairness, Good Faith, and Debtor's Best Interest.**~~

F. ~~(a)~~ The terms and conditions of the Settlement Agreement were negotiated, proposed, and agreed to by the parties in good faith (within the meaning of Bankruptcy Code section 363(m)), and from arm's-length bargaining positions.

(1) ~~(b)~~ The proposed settlement is fair and equitable, for sufficient and reasonably equivalent consideration, in the best interest of the Debtor's creditors, wherever located, ~~including Italy,~~ and consistent with applicable U.S. law.

3

sf-3042842

(2) ~~(c)~~ The probabilities of success, the complexity, expense, and likely duration of litigating the claims at issue, and all other factors relevant to a full and fair assessment of the wisdom of the proposed settlement ~~have been considered by the Court~~ and support approval of the Settlement Agreement.

(3) Neither the Debtor, nor Versata or any other party to the Settlement Agreement, has engaged in any conduct that would cause or permit the Technology License Agreement between the Debtor and Versata (the "License Agreement") to be terminated or avoided under section 363(n) of the Bankruptcy Code.

(4) ~~(d)~~ The Debtor has demonstrated both (i) good, sufficient, and sound business purpose and justification, and (ii) compelling circumstances for the prompt sale of the assets contemplated under the Settlement Agreement pursuant to Bankruptcy Code section 363(~~b~~f).

(5) ~~(e)~~ Time is of the essence as to approval and consummation of the transactions sought by the settlement~~, both to preserve customer confidence and to mitigate the harm caused by the Italian Trustee's[1] actions~~.

(6) ~~(f)~~ The Settlement Agreement ~~settles the rights and ownership interests of the Debtor and Versata in a manner that~~ provides several benefits to the Debtor's Chapter 11 estate, including:

> (a) ~~i.~~ granting the Debtor's Chapter 11 estate the right to use in the China market all of Versata's improvements to the CAD Products, which will allow the Chapter 11 estate to receive all of the benefit of Versata's continued research and development of its CAD

---

[1] ~~Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Settlement Motion.~~

Products in the China market not currently available to the Debtor without the risk of patent infringement liability and without any cost to the Chapter 11 estate;

(b) ~~ii.~~ granting the Debtor's Chapter 11 estate the right to use and sell certain TD PLM Products;

(c) ~~iii.~~ allowing the Chapter 11 estate to generate revenue through the sale of CAD Products in China, which can be used to satisfy the claims of creditors;

(d) ~~iv.~~ allowing the Chapter 11 estate to use VDG and VSI's TD PLM Products anywhere in the world and a license to conduct research and development of CAD Products in the China market without the risk of patent infringement liability; and

(e) ~~v.~~ providing financial benefits in the form of a settlement payment~~,~~ in the amount of $250,000, an increase in the ~~DIP Obligations,~~ commitment amount under the DIP Loan Agreement from $1,125,000 to $2,300,000, and an option for the Chapter 11 estate to ~~deem its DIP Obligations satisfied in full~~ terminate the Licensee TD PLM License (as such term is defined in the License Agreement) in full satisfaction of the obligations under the DIP Loan Agreement.

~~(g) In order to preserve the value of the Debtor's assets, to prevent substantial claims by customers of Think3 products and creditors, and to advance the Debtor's business strategy for China and its retained intellectual property rights to exploit in China, the~~

~~Debtor needs the renewed confidence of customers of Think3 products. The following will facilitate the Debtor's ability to regain such confidence:~~

~~i. confirmation and resolution of the intellectual property ownership in favor of Versata, which is the best party ready, willing and able to provide the necessary upgrades and service for Think3 products as well as to arrange licenses for additional patent and other intellectual property rights needed for the business to avoid infringement litigation;~~

~~ii. receipt by the Debtor of the technological, marketing and financial support needed for confirming a plan of reorganization and to advance its business strategy in China and with respect to the Licensee Cross-License; and~~

~~iii. the ability of Versata to perform and avoid breaching over 50 U.S. customer licenses of Think3 intellectual property and many other offshore customer licenses; and~~

~~iv. protection for customers who mistakenly pay or rely upon misrepresentations made by the Italian Trustee and who are otherwise at risk of having to pay twice and being sued for infringement.~~

(7) ~~(h)~~ The ~~Italian Trustee's actions with respect to the think3 intellectual property expose the Debtor~~ Debtor and customers of think3 products ~~to~~ are exposed to potential infringement claims by VDG and VSI as to the Related Party Patents.

(8) ~~(i)~~ The Settlement Agreement resolves the claims against the Chapter 11 estate asserted in two lawsuits filed against the Debtor: (1) *Versata FZ-LLC v. Think3 Inc.*, Civil Action No. 1:11-cv-404 in the United States District Court for the Western District of Texas, Austin Division and (2) *Versata Development Group, Inc., Versata Software, Inc., Versata FZ-LLC, and Gensym Cayman, L.P. v. Think3 Inc., Andrea Ferri, and the Italian Estate*

*of Think3 Inc.,* Adversary Case No. 11-01221 in this Court. For the avoidance of doubt, the Settlement Agreement does not release any claims against the Italian Trustee, any Italian Trustee Allies, or any other matters carved out of the release in the Settlement Agreement. Absent this settlement, such litigation would result in substantial expense and claim exposure to the Debtor's Chapter 11 bankruptcy estate.

~~(j)  Absent this settlement, the only option for Versata and licensee-customers of the Debtor and/or Versata would be to litigate to protect their rights. Such litigation would result in massive expense and claim exposure to the Debtor's Chapter 11 bankruptcy estate, as well as prolonged uncertainty, negative publicity and market-relevant facts that would obstruct the reorganization of the Debtor and would deprive the Debtor and its creditors of significant value.~~

~~(k)  Neither the Debtor, nor Versata or any other party to the Settlement Agreement, has engaged in any conduct that would cause or permit the Technology License Agreement between the Debtor and Versata (the "License Agreement") to be terminated or avoided under section 363(n) of the Bankruptcy Code.~~

(9)  ~~(l)~~ The Debtor's decision to assume the License Agreement, as amended under the Settlement Agreement, represents a sound exercise of the Debtor's business judgment. The assumption of the amended License Agreement pursuant to the Settlement Agreement is in the best interest of the Debtor's creditors and other parties in interest.

(10)  ~~(m)~~ If the Debtor were to reject the License Agreement, or if the Italian Trustee's termination under Italian law were permitted to result in the rejection of the License Agreement under applicable U.S. bankruptcy law, Versata nevertheless would be entitled to exercise its rights as licensee under section 365(n) of the Bankruptcy Code.

(11) ~~(n)~~ The consideration ~~provided for the assets contemplated to be transferred~~ under the Settlement Agreement constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and applicable non-bankruptcy law.

(12) ~~(o)~~ Neither Versata nor any other party to the Settlement Agreement shall be deemed, as a result of any action taken in connection with the Settlement Agreement, to: (1) be a successor (or other such similarly situated party) to the Debtor; (2) have, de facto or otherwise, merged with or into the Debtor; (3) be a mere continuation of the Debtor or its estate (and there is no continuity of enterprise between Versata and the Debtor); or (4) be holding itself out to the public as a continuation of the Debtor.

(13) ~~(p)~~ The requirements of sections 363(b), 363(f), and 365 of the Bankruptcy Code and any other applicable law relating to the sale of the assets ~~contemplated~~under by the Settlement Agreement have been satisfied.

~~H.    **Transfer of Assets.**~~

G.    ~~(a)~~ (1) Any transfer of ~~any~~ property of the Debtor's Chapter 11 bankruptcy estate pursuant to the Settlement Agreement constitutes a legal, valid, and effective transfer, free and clear of all liens, claims, adverse interests and encumbrances in accordance with Bankruptcy Code section 363(f), and any allowed claims ~~of the Italian Trustee~~ shall attach to the Debtor's proceeds of the settlement~~, subject to the Italian Carve-Out and Allied U.S. IP Party Reservations (as defined in the Settlement Agreement)~~.

(2)    ~~(b)~~ All of the Debtor's property, including any property that is subject to the Settlement Agreement, is property of the Debtor's Chapter 11 bankruptcy estate pursuant to Bankruptcy Code section 541 and protected by section 1529(1) of the Bankruptcy Code and other applicable U.S. law.

8
sf-3042842

(3) ~~(e)~~ The location of the Debtor's intellectual property, customer contracts, and accounts receivable is in Austin, Texas~~, not in Italy~~.

~~I.   **Effect of Agreement.**~~

H.   (1)   Any order entered by this Court in connection with the Chapter 11 Case shall apply to all property of the Debtor and all custodians, creditors, and other parties in interest wherever located ~~in the world, including the Italian Trustee and Italian Estate~~.

(2)   ~~(a)~~ The Debtor made a ~~proper~~ turnover demand on the Italian Trustee in accordance with section 543 of the Bankruptcy Code as to which the Italian Trustee has ~~wrongfully~~ refused to respond ~~as required~~.

~~(b)   The Italian Trustee's rights in connection with the Debtor's bankruptcy case are no greater than what would apply to a foreign representative from a foreign non-main proceeding, if and to the extent such foreign representative sought and received any Chapter 15 recognition.  As such,~~ the Settlement Agreement ~~is approved notwithstanding the status of any Chapter 15 proceeding because a foreign representative of a foreign non-main proceeding has no right to obstruct the main Chapter 11 Case.  Even if a Chapter 15 petition were recognized as the foreign main proceeding, such recognition cannot disrupt the settlement because the Chapter 11 Case is paramount under section 1529(1) of the Bankruptcy Code.~~

~~J.   **Transfer of IP.**~~

I.   ~~(a)~~ (1) Pursuant to the License Agreement and as reaffirmed by the Settlement Agreement, Versata is the exclusive owner worldwide (excluding only China) of all right, title and interest in and to ~~the intellectual property rights in the Think3 software products (excluding the intellectual property rights owned by Think3's China business).~~ all of the Intellectual Property (as such term is defined in the License Agreement) and has been since October 7, 2010.

(a) ~~i.~~ These intellectual property rights include the rights to both (i) the Think3 software code exclusively licensed to Versata, as a "transfer of ownership of the copyright" in accordance with sections 101 and 201 of the United States Copyright Act (the "<u>Copyright Act</u>") and (ii) all enhancements, modifications, and derivate works of such software code, which constitute separate copyrights owned by Versata as their author under sections 103 and 106 of the Copyright Act.

(b) ~~ii.~~ The intellectual property further includes all other Think3-related intellectual property, including, but not limited to, the Think3 product trademarks, trade names, service marks, logos, naming rights, and domain name.

(2) ~~(b)~~ The License Agreement does not merely convey a license to Versata to use the above-mentioned intellectual property, but it is a full and completed sale and transfer of the above-mentioned intellectual property to Versata ~~within the assigned territory, which consists of the entire world except for China~~<u>worldwide (excluding only China)</u>.

(a) ~~i.~~ The exclusive license granted with respect to copyrights and related rights under the License Agreement in connection with the Debtor's software products constituted a "transfer of copyright ownership" as provided in sections 101 and 201(d) of the Copyright Act~~, consistent with applicable case law, including, without limitation, *Davis v. Blige*, 505 F.3d 90, 98 (2d Cir. 2007)~~.

(b) ~~ii.~~ Because the exclusive license granted under the License Agreement has been substantially performed by both parties and

fully performed by Versata, as licensee, the transfer of the exclusive rights thereunder has been completed ~~and is nonexecutory under the principles articulated in *In re Exide Tech*, 607 F.3d 957 (3rd Cir. 2010). Accordingly, the License Agreement~~, is not an executory contract ~~that can~~, and cannot be rejected under section 365(a) of the Bankruptcy Code.

~~iii. The effect of the License Agreement was to achieve in substance, even if not necessarily in form, a partition sale of the intellectual property, with (i) ownership of exclusive rights for the Debtor in China, and (ii) exclusive rights for Versata everywhere else.~~

~~iv. For purposes of Section 72 of the Italian Bankruptcy Law, the License Agreement was a sufficiently complete transaction upon signing (and even more so on payment) that all transferred rights were vested and in full force and effect as valid and completed transfers that could not thereafter be reversed by rejection or termination of the contract under section 72 or by Bankruptcy Code section 365.~~

(c) ~~v.~~ The License Agreement is valid, binding and enforceable and is in full force and effect and has never been revoked.

(d) ~~vi.~~ Versata has fully performed all of its obligations under the License Agreement, including all payment obligations, and there has been no breach or unsatisfied condition on the part of Versata.

(e) ~~vii. Even if Versata had not fully paid the stated consideration under the License Agreement, the~~The transfers of property under the agreement were ~~nevertheless~~ fully vested, accomplished and

consummated ~~at the signing of the License Agreement.~~ as of October 7, 2010.

(3) ~~(c)~~ All of the Debtor's contracts, intellectual property and other intangible assets, including the intellectual property that is the subject of the License Agreement, is located ~~as a matter of law~~ in Austin, Texas, at the Debtor's headquarters and constitutes property of the Debtor's Chapter 11 bankruptcy estate pursuant to section 541 of the Bankruptcy Code.

(4) ~~(d) The only assets of the Debtor located in Italy are the tangible assets that were physically located in Italy at the time when the Italian bankruptcy proceeding was commenced.~~ The Court finds that Austin, Texas is the Debtor's nerve center, principal place of business, and center of main interest.

~~(e) No actions or events by or for the benefit of the Italian Trustee taken with respect to the Debtor's property, including its intellectual property and customer relationships, occurring subsequent to the Debtor's filing of its Chapter 11 petition have been or will be effective to expand the Italian Trustee's rights, title or interest in any of the Debtor's assets or to increase his power, remedies or jurisdiction. Every such event occurring outside of Italy or impacting or affecting the Debtor outside of Italy constitutes a violation of the stay under section 362 of the Bankruptcy Code and, therefore, is ineffective, void, unenforceable and of no consequence to the Debtor or its creditors, including the settling creditors.~~

~~(f) The U.S. Bankruptcy Court for the Western District of Texas, Austin Division, is the principal forum whose law governs the global assets of the Debtor and the rights and obligations of creditors and other parties in interest. On account of section 1529(1) of the Bankruptcy Code and other applicable law, the Italian Trustee has no right, power, jurisdiction or control over the Debtor in the U.S. or outside of Italy, except as may be created by order of this Court.~~

### ~~K.      Consideration for Transfer of IP.~~

J.      ~~(a)~~ (1) The ~~October 7, 2010~~ License Agreement and related transactions with the Debtor were valid, fair, equitable, at fair market value, ~~in line with the market prices for this kind of goods notwithstanding the economical situation of the seller,~~ and on arm's-length terms as to all parties to the License Agreement and related transactions, providing reasonably equivalent value to the Debtor at the time of the transaction.

(2)     ~~(b)~~ Versata properly paid to Think~~3, or for the benefit of Think3, US~~3 $3 million under the License Agreement for the above-mentioned intellectual property.

    (a)     ~~i.~~ The payments made by Versata for the intellectual property were all valid and proper payments and constituted valid and proper and fully adequate consideration for the intellectual property.

~~ii.     The payment price was fair, and within a reasonable market price, even if evaluated independently of the economic situation of Think3 at the time of the purchase.~~

    (b)     ~~iii.~~ The consideration paid was used to satisfy valid and proper claims against Think~~3 by employees and critical vendors of Think3 or taxing authorities.~~3.

    (c)     ~~iv.~~ Payments made through the bank account of Think3 SRL, the Debtor's subsidiary, were proper ~~and constituted~~ payments to the Debtor.  Such subsidiary was authorized by the Debtor to receive payments for the account of the Debtor from Versata and others.  All funds paid by Versata to such subsidiary were used to

pay employees and other creditors of the Debtor that had been approved for payment by the Debtor.

K. ~~L.~~ ~~**Registration of IP.**~~ The copyrights for Think3 software products have been registered in the name of Versata with the U.S. Copyright Office.

~~M.~~ ~~**Improvements to IP.**~~

L. ~~(a)~~ All improvements made by Versata to the Think3 software products and copyright code are derivative copyrights owned by Versata, and, as such, exist independent of the Technology License Agreement.

~~(b) The software has appreciated more than the consideration paid for by Versata at its initial stage upon acquisition (then worth less than $3 million) and after the enhancements made solely by Versata.~~

~~N.~~ ~~**Customers and Goodwill.**~~

M. ~~(a)~~ (1) All contracts made or novated by Versata with any customer, supplier or other counter-party, whether assigned from the Debtor or made with Versata at its inception, belong to Versata independent of the License Agreement and any right of the Italian Trustee to purport to terminate them.

(2) ~~(b)~~ Versata is ~~an~~ a separate and independent legal entity, properly incorporated under the laws of the UAE~~, and any engagement with any customer, supplier or other counter-party belongs to Versata independent of the License Agreement executed with Think3 and any right of the Italian Trustee to terminate them~~.

~~O.~~ ~~**Ownership of Patents.**~~

N. ~~(a)~~ No license exists for the use of Think3 products that the Settling Creditors have asserted are being infringed ~~by the Italian Trustee~~.

~~P.     **Fairness of License and Good Faith of Parties Thereto.**~~

O.     ~~(a)~~ (1) There is no ~~credible~~ evidence of bad faith or collusion in connection with the negotiation of the terms of the License Agreement on behalf of the counterparties thereto or their officers or agents.

~~(b)     Negotiations of the terms of the License Agreement were conducted at arm's length and in good faith, with each side trying to obtain the most favorable result. Versata gave consideration that was in excess of fair market value in order to enable the Debtor to fund its business plan and allowing for a margin for error on the valuations.~~

~~(c)     There is no credible evidence of any material non-disclosure or misrepresentations~~ in the deal documents for the License Agrement.

(2)     ~~(d)~~ Negotiations of the terms of the License Agreement were conducted at arm's length and in good faith.  There is no ~~credible~~ evidence of any intent by Versata, or the Debtor~~, or any third parties~~ to defraud shareholders or employees of the Debtor in connection with the License Agreement.  The License Agreement transaction had a legitimate business purpose.

~~(e)     The License Agreement transaction had a legitimate business purpose and time was of the essence to avoid further loss of the Debtor's business and further diminution in the value of the Debtor's assets.~~

~~Q.     **Conduct of the CRO.**~~

(3)     There is no evidence of any material non-disclosure or misrepresentations by Versata or the Debtor in connection with the negotiation of the License Agreement.

P.     ~~(a)~~ (1) All actions taken by the CRO, including, without limitation, entering into the Settlement Agreement on behalf of the Debtor, have been in good faith and accordance with

U.S. law, have been an exercise of the Debtor's business judgment, and are in the best interest of the Debtor's Chapter 11 bankruptcy estate and creditors.

(2) ~~(b)~~ The CRO has <u>acted fairly and has</u> made reasonable efforts to cooperate with the Italian Trustee.

~~(c) The CRO has acted fairly in all respects concerning the Italian Trustee.~~

(3) ~~(d)~~ <u>Notice of the Settlement Hearing was appropriate and satisfactory and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.</u> At all times since the Chapter 11 filing, the Italian Trustee had adequate notice and actual and constructive knowledge of all events in this Chapter 11 Case~~,~~<u>, having previously appeared in this case and having been represented by competent counsel.</u>

~~(e) The Italian Trustee has violated the automatic stay under section 362 by, among other things, initiating litigation in Italy, interfering with the Debtor's relationship with its customers, and interfering with the Debtor's revenue stream.~~

~~R.~~ **~~U.S. Bankruptcy Court Jurisdiction.~~**

<u>Q.</u> ~~(a)~~ This Court has *in rem* jurisdiction over all assets of Think3, wherever located~~, including in Italy~~.

~~(b) This Court has personal jurisdiction over the Italian Trustee as a result of his appearance before this Court and on account of his conduct prior to filing any Chapter 15 case in the United States (including, without limitation, his seizure of the Debtor's cash held in its Silicon Valley Bank account, and his taking control of the Debtor's U.S. website in order to compete with the Debtor) and elsewhere, including in Japan and elsewhere outside of Italy.~~

~~S.~~ **~~Releases.~~**

~~(a) The Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the releases set forth in the Settlement Agreement (the~~

16

sf-3042842

~~"Releases"). Section 105(a) of the Bankruptcy Code permits approval of the Releases, if, as has been established here based upon the record in the Chapter 11 Case and the evidence presented in declarations and at the Settlement Hearing, such provisions (i) were integral to the agreement among the various parties in interest and are essential to the Settlement Agreement, (ii) confer substantial benefits on the Debtor's Chapter 11 bankruptcy estate, (iii) are fair, equitable, and reasonable, and (iv) are in the best interests of the Debtor, its Chapter 11 bankruptcy estate, and parties in interest.~~

~~(b) Pursuant to section Bankruptcy Rule 9019(a), the Releases are fair, equitable, reasonable, and in the best interest of the Debtor, the Debtor's Chapter 11 bankruptcy estate, creditors, and equity holders. The Releases of non Debtors are fair and are necessary to the Debtor's reorganization efforts, thereby satisfying the requirements of *In re Wool Growers Cent. Storage Co.*, 371 B.R. 768, 777 (Bankr. N.D. Tex. 2007); *see also In re Continental Airlines, Inc.*, 203 F.3d 203, 214 (3d Cir. 2000). Such Releases are given in exchange for and are supported by fair, sufficient, and adequate consideration provided by each and all of the parties providing such Releases. Declarations and the record of the Settlement Hearing and the Chapter 11 Case are sufficient to support the Releases. Accordingly, this Court finds that the Releases are consistent with the Bankruptcy Code and applicable law.~~

R. ~~T.~~ **The Standards for Approval of a Compromise under Bankruptcy Rule 9019 Are Satisfied.** Based on the foregoing, the Settlement Agreement satisfies the standards for approval of a compromise under Bankruptcy Rule 9019.

## II.
## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. ~~**Findings of Fact and Conclusions of Law**.~~ The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein.

~~2.     **Notice of the Settlement Hearing.** Notice of the Settlement Hearing was appropriate and satisfactory and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.~~

<u>2.</u>  ~~3.~~ **Approval of the Settlement Agreement.** The Settlement Agreement, substantially in the form attached hereto as <u>Exhibit A</u>, is hereby approved under Bankruptcy Rule 9019. The Debtor, Versata, and all other parties to the Settlement Agreement are authorized and ordered to take all actions necessary to effectuate the terms of the Settlement Agreement.

<u>3.</u>  ~~4.~~ **Objections Resolved or Overruled.** Except as provided herein, all objections, responses, statements and comments, if any, in opposition to the Settlement Motion, other than those withdrawn with prejudice, waived, or settled prior to, or on the record at, the Settlement Hearing, shall be, and hereby are, overruled in their entirety.

<u>4.</u>  ~~5.~~ **Nonseverable and Mutually Dependent.** The provisions of the Settlement Agreement, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

<u>5.</u>  ~~6.~~ **Documents and Instruments.** Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Settlement Agreement.

<u>6.</u>  ~~7.~~ **Governmental Approvals Not Required.** This Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other

18

sf-3042842

governmental authority with respect to the implementation or consummation of the Settlement Agreement, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Settlement Agreement.

7. ~~8.~~ **~~Waiver of Stay.~~** The stay of this Order provided by any Bankruptcy Rule (including, without limitation, Bankruptcy Rule 6004(h)), whether for fourteen (14) days or otherwise, is hereby waived, and this Order shall be effective and enforceable immediately upon its entry by the Court.

8. ~~9.~~ **~~Retention of Jurisdiction.~~** The Court retains jurisdiction to, among other things, interpret and enforce the terms and provisions of this Order, and adjudicate, if necessary, any and all disputes involving the Debtor ~~which~~or any parties having appeared before this Court related in any way to, or affect, the Settlement Agreement.

~~10.~~

**<u>Exhibit A</u>**

Settlement Agreement