# IN THE UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| In re: § § | Chapter 11 | |
| THINK3 INC., § § | Case No. 11-11252 | |
| Debtor. § § | | |

**[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING DEBTOR'S MOTION TO (I) APPROVE COMPROMISE AND SETTLEMENT OF CLAIMS BY AND BETWEEN THINK3 INC., VERSATA FZ-LLC, VERSATA DEVELOPMENT GROUP, INC., AND VERSATA SOFTWARE, INC., (II) ASSUME TECHNOLOGY LICENSE AGREEMENT, AND (III) APPROVE SALE OF CERTAIN INTELLECTUAL PROPERTY INTERESTS TO VERSATA FZ-LLC**
**[DKT. NO. 81]**

WHEREAS think3 Inc., debtor and debtor-in-possession in the above-referenced chapter 11 case (the "Debtor" or "Think3"), filed the *Debtor's Motion to (I) Approve Compromise and Settlement of Claims By and Between Think3 Inc., Versata FZ-LLC, Versata Development Group, Inc., and Versata Software, Inc., (II) Assume Technology License Agreement, and (III) Approve Sale of Certain Intellectual Property Interests to Versata FZ-LLC* [Dkt. No. 81] (the "Settlement Motion"); and

WHEREAS the Court held a <u>full evidentiary </u>hearing ~~commencing~~<u>on</u> September ~~8,~~<u>8 and 9,</u> 2011 (the "<u>Settlement Hearing</u>") on the Settlement Motion; and

NOW, THEREFORE, based upon the Court's consideration of the Settlement Motion and all objections and responses thereto having been withdrawn, resolved, or otherwise overruled as set forth herein; and upon the arguments of counsel and the evidence adduced at the Settlement Hearing; and the Court having found the Settlement Motion should be granted as reflected by the Court's rulings made herein and at the Settlement Hearing; and after due deliberation and sufficient cause appearing therefor, the Court hereby **FINDS, DETERMINES, AND CONCLUDES** that:

## I.
## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.  The findings and conclusions set forth herein and in the record of the Settlement Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.  The Court has jurisdiction over the Debtor's chapter 11 case pursuant to 28 U.S.C. § 1334.  Approval of the proposed settlement agreement between the Debtor and Versata FZ-LLC ("<u>Versata</u>"), Versata Development Group, Inc. ("<u>VDG</u>"), Versata Software, Inc. ("<u>VSI</u>"), and Gensym Cayman L.P. (the "<u>Settlement Agreement</u>")[1] is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court has jurisdiction to enter a final order with respect thereto.

---

[1] Capitalized terms used herein but not otherwise defined have the meanings given them in the Settlement Agreement.

The Debtor is an eligible debtor under section 109 of title 11 of the United States Code (the "Bankruptcy Code"). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

C. On May 18, 2011, the Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor is authorized to continue to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Case.

D. The Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Case.

E. The Debtor has the burden of proving that the Settlement Agreement should be approved under Bankruptcy Rule 9019 by a preponderance of the evidence. The Debtor has met such burden.

F. The terms and conditions of the Settlement Agreement were negotiated, proposed, and agreed to by the parties in good faith (within the meaning of Bankruptcy Code section 363(m)), and from arm's-length bargaining positions.

(1) The proposed settlement is fair and equitable, for sufficient and reasonably equivalent consideration, in the best interest of the Debtor's creditors, wherever located, and consistent with applicable U.S. law.

(2) The probabilities of success, the complexity, expense, and likely duration of litigating the claims at issue, and all other factors relevant to a full and fair assessment of the wisdom of the proposed settlement and support approval of the Settlement Agreement.

~~(3)    Neither the Debtor, nor Versata or any other party to the Settlement Agreement, has engaged in any conduct that would cause or permit the~~ <u>Technology License Agreement between the Debtor and Versata (the "License Agreement")</u> ~~to be terminated or avoided under section 363(n) of the Bankruptcy Code.~~

<u>(3)</u> ~~(4)~~ The Debtor has demonstrated both (i) good, sufficient, and sound business purpose and justification, and (ii) compelling circumstances for the prompt sale of the assets contemplated under the Settlement Agreement pursuant to Bankruptcy Code section 363(f).

<u>(4)</u> ~~(5)~~ Time is of the essence as to approval and consummation of the transactions sought by the settlement.

<u>(5)</u> ~~(6)~~ The Settlement Agreement provides several benefits to the Debtor's Chapter 11 estate, including:

    (a)    granting the Debtor's Chapter 11 estate the right to use in the China market all of Versata's improvements to the CAD Products, which will allow the Chapter 11 estate to receive all of the benefit of Versata's continued research and development of its CAD Products in the China market not currently available to the Debtor without the risk of patent infringement liability and without any cost to the Chapter 11 estate;

    (b)    granting the Debtor's Chapter 11 estate the right to use and sell certain TD PLM Products;

    (c)    allowing the Chapter 11 estate to generate revenue through the sale of CAD Products in China, which can be used to satisfy the claims of creditors;

(d) allowing the Chapter 11 estate to use VDG and VSI's TD PLM Products anywhere in the world and a license to conduct research and development of CAD Products in the China market without the risk of patent infringement liability; and

(e) providing financial benefits in the form of a settlement payment in the amount of $250,000, an increase in the commitment amount under the DIP Loan Agreement from $~~1,125,000~~1,050,000 to $2,300,000, and an option for the Chapter 11 estate to terminate the Licensee TD PLM License (as such term is defined in the ~~License Agreement~~Technology License Agreement between the Debtor and Versata (the "License Agreement")) in full satisfaction of the obligations under the DIP Loan Agreement.

(6) ~~(7)~~ The Debtor and customers of think3 products are exposed to potential infringement claims by VDG and VSI as to the Related Party Patents.

(7) ~~(8)~~ The Settlement Agreement resolves the claims against the Chapter 11 estate asserted in two lawsuits filed against the Debtor: (1) *Versata FZ-LLC v. Think3 Inc.,* Civil Action No. 1:11-cv-404 in the United States District Court for the Western District of Texas, Austin Division and (2) *Versata Development Group, Inc., Versata Software, Inc., Versata FZ-LLC, and Gensym Cayman, L.P. v. Think3 Inc., Andrea Ferri, and the Italian Estate of Think3 Inc.,* Adversary Case No. 11-01221 in this Court. For the avoidance of doubt, the Settlement Agreement does not release any claims against the Italian Trustee, any Italian Trustee Allies, or any other matters carved out of the release in the Settlement Agreement. Absent this settlement, such litigation would result in substantial expense and claim exposure to the Debtor's Chapter 11 bankruptcy estate.

(8) ~~(9)~~ The Debtor's decision to assume the License Agreement, as amended under the Settlement Agreement, represents a sound exercise of the Debtor's business judgment. The assumption of the amended License Agreement pursuant to the Settlement Agreement is in the best interest of the Debtor's creditors and other parties in interest.

(9) ~~(10)~~ If the Debtor were to reject the License Agreement, or if the Italian Trustee's termination under Italian law were permitted to result in the rejection of the License Agreement under applicable U.S. bankruptcy law, Versata nevertheless would be entitled to exercise its rights as licensee under section 365(n) of the Bankruptcy Code.

(10) ~~(11)~~ The consideration under the Settlement Agreement constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and applicable non-bankruptcy law.

(11) ~~(12)~~ Neither Versata nor any other party to the Settlement Agreement shall be deemed, as a result of any action taken in connection with the Settlement Agreement, to: (1) be a successor (or other such similarly situated party) to the Debtor; (2) have, de facto or otherwise, merged with or into the Debtor; (3) be a mere continuation of the Debtor or its estate (and there is no continuity of enterprise between Versata and the Debtor); or (4) be holding itself out to the public as a continuation of the Debtor.

(12) ~~(13)~~ The requirements of sections 363(b), 363(f), and 365 of the Bankruptcy Code and any other applicable law relating to the sale of the assets under by the Settlement Agreement have been satisfied.

G. (1) Any transfer of property of the Debtor's Chapter 11 bankruptcy estate pursuant to the Settlement Agreement constitutes a legal, valid, and effective transfer, free and clear of all liens, claims, adverse interests and encumbrances in accordance with Bankruptcy

Code section 363(f), and any allowed claims shall attach to the Debtor's proceeds of the settlement.

(2) All of the Debtor's property, including any property that is subject to the Settlement Agreement, is property of the Debtor's Chapter 11 bankruptcy estate pursuant to Bankruptcy Code section 541 and protected by section 1529(1) of the Bankruptcy Code and other applicable U.S. law.

(3) The location of the Debtor's intellectual property, customer contracts, and accounts receivable is in Austin, Texas.

H. (1) Any order entered by this Court in connection with the Chapter 11 Case shall apply to all property of the Debtor and all custodians, creditors, and other parties in interest wherever located pursuant to 28 U.S.C. § 1334(e)(1).

(2) The Debtor made a turnover demand on the Italian Trustee in accordance with section 543 of the Bankruptcy Code as to which the Italian Trustee has refused to respond.

I. (1) Pursuant to the License Agreement and as reaffirmed by the Settlement Agreement, Versata is the exclusive owner worldwide (excluding only China) of all right, title and interest in and to all of the Intellectual Property (as such term is defined in the License Agreement) ~~and has been since October 7, 2010.~~.

> (a) These intellectual property rights include the rights to both (i) the Think3 software code exclusively licensed to Versata, as a "transfer of ownership of the copyright" in accordance with sections 101 and 201 of the United States Copyright Act (the "<u>Copyright Act</u>") and (ii) all enhancements, modifications, and derivate works of such software code, which constitute separate

copyrights owned by Versata as their author under sections 103 and 106 of the Copyright Act.

(b) The intellectual property further includes all other Think3-related intellectual property, including, but not limited to, the Think3 product trademarks, trade names, service marks, logos, naming rights, and domain name.

(2) The License Agreement does not merely convey a license to Versata to use the above-mentioned intellectual property, but it is a full and completed sale and transfer of the above-mentioned intellectual property to Versata worldwide (excluding only China).

(a) The exclusive license granted with respect to copyrights and related rights under the License Agreement in connection with the Debtor's software products constituted a "transfer of copyright ownership" as provided in sections 101 and 201(d) of the Copyright Act.

(b) Because the exclusive license granted under the License Agreement has been substantially performed by both parties and fully performed by Versata, as licensee, the transfer of the exclusive rights thereunder has been completed, is not an executory contract, and cannot be rejected under section 365(a) of the Bankruptcy Code.

(c) The License Agreement is valid, binding and enforceable and is in full force and effect and has never been revoked.

(d) Versata has fully performed all of its obligations under the License Agreement, including all payment obligations, and there has been no breach or unsatisfied condition on the part of Versata.

(e) The transfers of property under the ~~agreement~~License Agreement were fully vested, accomplished and consummated ~~as of October 7, 2010.~~.

(3) All of the Debtor's contracts, intellectual property and other intangible assets, including the intellectual property that is the subject of the License Agreement, is located in Austin, Texas, at the Debtor's headquarters and constitutes property of the Debtor's Chapter 11 bankruptcy estate pursuant to section 541 of the Bankruptcy Code.

~~(4) The Court finds that Austin, Texas is the Debtor's nerve center, principal place of business, and center of main interest.~~

J. (1) The License Agreement and related transactions with the Debtor were valid, fair, equitable, at fair market value, and on arm's-length terms as to all parties to the License Agreement and related transactions, providing reasonably equivalent value to the Debtor at the time of the transaction.

(2) Versata properly paid to Think3 $3 million under the License Agreement for the above-mentioned intellectual property.

(a) The payments made by Versata for the intellectual property were all valid and proper payments and constituted valid and proper and fully adequate consideration for the intellectual property.

(b) The consideration paid was used to satisfy valid and proper claims against Think3.

sf-3042842

9

(c) Payments made through the bank account of Think3 SRL, the Debtor's subsidiary, were proper payments to the Debtor. Such subsidiary was authorized by the Debtor to receive payments for the account of the Debtor from Versata and others. All funds paid by Versata to such subsidiary were used to pay employees and other creditors of the Debtor that had been approved for payment by the Debtor.

~~K. The copyrights for Think3 software products have been registered in the name of Versata with the U.S. Copyright Office.~~

K. ~~L.~~ All improvements made by Versata to the Think3 software products and copyright code are derivative copyrights owned by Versata, and, as such, exist independent of the Technology License Agreement.

L. ~~M.~~ (1) All contracts made or novated by Versata with any customer, supplier or other counter-party, whether assigned from the Debtor or made with Versata at its inception, belong to Versata independent of the License Agreement and any right of the Italian Trustee to purport to terminate them.

(2) Versata is a separate and independent legal entity, properly incorporated under the laws of the UAE.

M. ~~N.~~ No license exists for the use of Think3 products that the Settling Creditors have asserted are being infringed.

N. This Court has considered the terms of the Settlement Agreement, including the releases contained therein. As part of such consideration, this Court finds as follows:

~~O.~~ (1) There is no evidence of bad faith or collusion in connection with the negotiation of the terms of the License Agreement on behalf of the counterparties thereto or their officers or agents.

(2) Negotiations of the terms of the License Agreement were conducted at arm's length and in good faith. There is no evidence of any intent by Versata or the Debtor to defraud shareholders or employees of the Debtor in connection with the License Agreement. The License Agreement transaction had a legitimate business purpose.

(3) There is no evidence of any material non-disclosure or misrepresentations by Versata or the Debtor in connection with the negotiation of the License Agreement.

<u>O.</u> ~~P.~~ (1) All actions taken by the <u>independent and Court-approved</u> CRO, including, without limitation, entering into the Settlement Agreement on behalf of the Debtor, have been in good faith and accordance with U.S. law, have been an exercise of the Debtor's business judgment, and are in the best interest of the Debtor's Chapter 11 bankruptcy estate and creditors.

(2) The CRO has acted fairly and has made reasonable efforts to cooperate with the Italian Trustee.

(3) Notice of the Settlement Hearing was appropriate and satisfactory and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. At all times since the Chapter 11 filing, the Italian Trustee had adequate notice and actual and constructive knowledge of all events in this Chapter 11 Case, having previously appeared in this case and having been represented by competent counsel.

<u>P.</u> ~~Q.~~ This Court has *in rem* jurisdiction over all assets of Think3, wherever located<u>, pursuant to 28 U.S.C. § 1334(e)(1)</u>.

Q. ~~R.~~ Based on the foregoing, the Settlement Agreement satisfies the standards for approval of a compromise under Bankruptcy Rule ~~9019.~~ 9019 and complies with the applicable provisions of 11 U.S.C. §§ 363 and 365.

## II.
## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein.

2. The Settlement Agreement, ~~substantially in the form~~ attached hereto as Exhibit A, is hereby approved under Bankruptcy Rule 9019. The Debtor, Versata, and all other parties to the Settlement Agreement are authorized and ordered to take all actions necessary to effectuate the terms of the Settlement Agreement.

3. Upon occurrence of the Effective Date of the Settlement Agreement, the Debtor shall file and serve a notice that the Effective Date has occurred.

4. ~~3.~~ Except as provided herein, all objections, responses, statements and comments, if any, in opposition to the Settlement Motion, other than those withdrawn with prejudice, waived, or settled prior to, or on the record at, the Settlement Hearing, shall be, and hereby are, overruled in their entirety.

5. ~~4.~~ The provisions of the Settlement Agreement, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

6. ~~5.~~ Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Settlement Agreement.

sf-3042842

12

7. ~~6.~~ This Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other governmental authority with respect to the implementation or consummation of the Settlement Agreement, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Settlement Agreement.

8. ~~7.~~ The stay of this Order provided by any Bankruptcy Rule (including, without limitation, Bankruptcy Rule 6004(h)), whether for fourteen (14) days or otherwise, is hereby waived, and this Order shall be effective and enforceable immediately upon its entry by the Court.

9. ~~8.~~ The Court retains jurisdiction to, among other things, interpret and enforce the terms and provisions of this Order, and adjudicate, if necessary, any and all disputes involving the Debtor or any parties having appeared before this Court related in any way to, or ~~affect~~affecting, the Settlement Agreement.

# **Exhibit A**

Settlement Agreement

Document comparison by Workshare Professional on Friday, September 09, 2011 2:22:12 PM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://SAN FRANCISCO/3042842/5 |
| Description | SAN FRANCISCO-#3042842-v5-T3:_Proposed_Order_/_Settlement_Motion |
| Document 2 ID | PowerDocs://SAN FRANCISCO/3042842/6 |
| Description | SAN FRANCISCO-#3042842-v6-T3:_Proposed_Order_/_Settlement_Motion |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
|  | Count |
| Insertions | 17 |
| Deletions | 38 |
| Moved from | 1 |
| Moved to | 1 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 57 |